# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCAPONE ALO, | Case No. 1:23-cv-00663-JLT-SAB |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THE COMPLAINT** |
| v. | |
| ASHLEY RAMOS, | (ECF No. 1) |
| Defendant. | **OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |

Plaintiff Alcapone Alo ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action on May 1, 2023, against court deputy clerk Ashley Ramos, whom Plaintiff purports to sue in both her individual and official capacities. (ECF No. 1.) The complaint is now before this Court for screening. For the reasons stated herein, the Court recommends that the complaint be dismissed, without prejudice, for failure to state a claim.

**I.**

**SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation

1

of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; see also Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (defining frivolous as "of little weight or importance: having no basis in law or fact").  An action is malicious if it was filed with the "intention or desire to harm another."  Andrews, 398 F.3d at 1121 (9th Cir. 2005).

To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Rather, a plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face,' " such that the Court may reasonably infer that each named defendant is liable for the misconduct alleged.  Id. at 663 (quoting Twombly, 550 U.S. at 555); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Thus, the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

In reviewing a *pro se* complaint, the Court is to liberally construe the pleadings in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 521 (1969); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th

1  Cir. 2010)) ("where the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt."); U.S. v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principle that *pro se* filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotations omitted).  Nonetheless, while factual allegations are accepted as true, legal conclusions are not.  Twombly, 550 U.S. at 555.

As a general rule, the Court must limit its review to the operative complaint and may not consider facts presented in extrinsic evidence.  See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).  Materials submitted as part of the complaint, however, are not "outside" the complaint and may be considered.  Id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  Moreover, the Court is not required to accept as true conclusory allegations which are contradicted by exhibits to the complaint.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998).  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.**

**COMPLAINT ALLEGATIONS**

The Court accepts Plaintiff's allegations in the first amended complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff filed a *pro se* civil lawsuit in the Fresno County Superior Court on March 15, 2023.  (ECF No. 1 at 5.)  Plaintiff was granted a fee waiver in the state court case.  (Id.)  Plaintiff alleges the sheriff and marshals should have effected service on the state case defendants for him, and he should have received a court date indicating when a hearing would be held in his case.  (Id. at 6.)  However, this was not done; instead, Plaintiff was told by Defendant deputy clerk of the court Ramos that Plaintiff was required to serve the summons and complaint on the parties himself, because the sheriff and marshals are not required to do so.  (Id. at 5–6.)

Plaintiff claims that, because he is proceeding *pro se* with a fee waiver, the state court is

3

required to direct service by the sheriff and/or marshal pursuant to California Rule of Court 3.55 and California Government Code § 26720.[1]  (Id. at 6.)  Plaintiff further claims the failure to effect service for him deprived Plaintiff of his due process rights.  (Id. at 4.)  He seeks an injunctive order from this Court "compelling the defendant to comply with procedural due process…."  (Id. at 6.)

### III.

### DISCUSSION

#### A.   Section 1983/Linking Requirement

To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.  Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)).  This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)) (a deprivation occurs if the defendant "does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do").  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.  Moreover, the complaint must allege that each defendant acted with the requisite state of mind to violate the underlying constitutional provision.  OSU Student All. v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

---

[1] The Court notes that California Government Code § 26720 states "For services performed by them sheriffs shall charge and collect the fees fixed in this article."  Cal. Gov. Code § 26720.  Section 26720.5 states "fees otherwise payable by a litigant pursuant to this article shall be waived … in any case in which the litigant is permitted by the court to proceed in forma pauperis …."  Cal. Gov. Code § 26720.5.  Nonetheless, the Court notes that none of the aforementioned sections affirmatively require sheriffs to effect service of process for a *pro se* plaintiff that has received a fee waiver.

California Rule of Court 3.55 identifies the court fees and costs that must be waived upon granting an application for an initial fee waiver.  The list includes "Sheriff's and marshal's fees under article 7 of chapter 2 of part 3 of division 2 of title 3 of the [California] Government Code (commencing with [California Government Code] section 26720)…."  CA ST CIVIL RULES Rule 3.55(5).

Here, Plaintiff has not alleged facts sufficient to state any claim. In fact, hardly any facts are alleged whatsoever. Consequently, Plaintiff's bare assertion that Defendant violated his rights is conclusory and insufficient to state a cause of action.

Further, the Court notes the only named defendant in this action is deputy court clerk Ramos, who Plaintiff purports to sue in both her individual and official capacity. (ECF No. 1 at 1.) However, under either capacity, Plaintiff's claims against the clerk of the court are barred.

**B.       Official Capacity Claim – Eleventh Amendment Bar**

To the extent Plaintiff's claims are asserted against an individual Defendant in her official capacity, Plaintiff purports to assert a Monell claim. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (suing a public employee in his official capacity under § 1983 is equivalent to suing the entity itself).

However, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 116 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Nat. Res. Def. Council v. Cal. Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1989). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." Brooks, 951 F.2d at 1053.

Thus, even assuming Plaintiff could state a cognizable claim, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Thus, Plaintiff's claim for money damages against Defendant Ramos, Deputy Clerk of the Court for the Fresno County Superior Court, fails as a matter of law.

///

### C. Official Capacity Claim – Quasi-Judicial Immunity

To the extent Plaintiff seeks to sue Defendant Ramos in her individual capacity, Plaintiff's claim again appears to be barred. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Ct. for the Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987); see also Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979). In Mullis, a debtor brought a civil rights action against bankruptcy court clerks. Mullis, 828 F.2d at 1390. The debtor alleged that the bankruptcy court clerks accepted and filed his bankruptcy petition, but then refused to accept and file an amended petition in violation of his constitutional rights. Id. The Ninth Circuit held that the court clerks' refusal to accept and file an amended petition was a basic and integral part of the judicial process, and as such, the clerks were entitled to quasi-judicial immunity from damages. Id. ("The commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process" and noting the clerk of court and deputy clerks are the officials through whom such filing is done).

Here, Plaintiff claims Defendant deputy court clerk Ramos refused to facilitate service of process for Plaintiff (via the sheriff or marshal) on the named defendants in Plaintiff's state court action. Moreover, Plaintiff alleges Defendant told him that he had to complete service of process on the defendants in his state case by himself, and that the fee waiver policy does not require the court to serve documents or to require the sheriff and/or marshal to do so. (ECF No. 1 at 5–6.) Defendant's decision regarding whether to direct the sheriff or marshal to complete service of process for Plaintiff in his case is a basic and integral part of the judicial process. Accordingly, Defendant Ramos is entitled to absolute quasi-judicial immunity from damages in connection with her action. See Mullis, 828 F.2d at 1390; see also Juarez v. Clerk, U.S. Fed. Ct., San Jose, No. C 08-5691 RMW (PR), 2009 WL 385796 at *1 (N.D. Cal. Feb. 13, 2009) (district court clerk was entitled to absolute quasi-judicial immunity for allegedly failing to send plaintiff court opinion denying his previously filed federal case); White v. Dep't of Corrs., No. 1:07-cv-01796 OWW-DLB PC, 2008 WL 5246161 at *3 (E.D. Cal. Dec. 15, 2008) (California Supreme Court clerk is immune from damages for allegedly refusing to give plaintiff's court documents to the

magistrate judge); Palacios v. Fresno Cnty. Super. Ct., No. 1:08cv0158 OWW DLB, 2008 WL 314337, at *2–3 (E.D. Cal. Feb. 4, 2008) (Fresno County Superior Court clerks were entitled to absolute quasi-judicial immunity for allegedly providing plaintiff with misinformation).

### D. Injunctive Relief

Finally, the Court addresses Plaintiff's prayer for relief that expressly seeks an injunction in the form of compelling Defendant to "comply with procedural due process…." (ECF No. 1 at 6.)

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A plaintiff must "make a showing on all four prongs" of the Winter test to obtain injunctive relief. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion, the district court may weigh the plaintiff's showings on the Winter elements using a sliding-scale approach. Id. Under the sliding scale approach, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Pimentel v. Dreyfus, 670 F.3d 1096, 1105 (9th Cir. 2012) (quoting All. for the Wild Rockies, 632 F.3d at 1131). Simply put, a stronger showing on the balance of the hardships may support issuing injunctive relief even where the plaintiff shows that there are "serious questions on the merits … so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." All. for the Wild Rockies, 632 F.3d at 1135.

To the extent Plaintiff is seeking injunctive relief, the Court notes Plaintiff has not alleged sufficient facts to establish entitlement to such relief, as he has not satisfied any of the aforementioned elements for seeking an injunction. Furthermore, to the extent Plaintiff is seeking an order requiring the county Sheriff or U.S. Marshal to complete service of Plaintiff's state court action, the Court notes neither the Sheriff nor the Marshal are parties to the instant litigation. Therefore, the Court cannot enforce such an injunction against a nonparty. See Zepeda v. U.S. Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an

injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

### E.     Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, while the Court finds the complaint fails to allege facts sufficient to state a claim, it also finds Plaintiff's claim as asserted against Deputy Clerk of Court Ramos is barred as a matter of law based on Eleventh Amendment immunity and quasi-judicial immunity. These defects cannot be cured through the assertion of additional facts; therefore, amendment would be futile. Leadsinger, Inc., 512 F.3d at 532. Accordingly, leave to amend should be denied.

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     The complaint (ECF No. 1) be DISMISSED, without prejudice, for failure to state a claim; and

2.     The Clerk of the Court be DIRECTED to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-one (21) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the

Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2023**

UNITED STATES MAGISTRATE JUDGE